**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**
**In Admiralty**

| | |
|---|---|
| **JASON L. MEDLIN,** | |
| Plaintiff, | |
| **v.** | **Case 2:25-cv-00115-EWH-RJK** |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**UNITED STATES' ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant United States of America responds to Plaintiff's Complaint as follows:

1.    The United States admits that on March 6, 2023, the United States-owned dredge *McFarland* was located in Norfolk, Virginia and undergoing repairs. The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

**PARTIES**

2.    The United States admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    The United States admits only that the Unites States Army Corps of Engineers ("USACE") owns the *McFarland*. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, the United States denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

4.      The United States admits only that maritime jurisdiction over the sovereign is solely granted by the Public Vessels Act, 46 U.S.C. § 31101, et seq., and the Suits in Admiralty Act, 46 U.S.C. § 30901, et seq. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.      The United States admits that venue is proper in this district  but dies the remaining allegations of Paragraph 5 of Plaintiff's Complaint.

6.      The United States admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations of Paragraph 7 of Plaintiff's Complaint.

**ADMINISTRATIVE PREREQUISITES**

8.      The United States admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 of Plaintiff's Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.      Paragraph 10 of Plaintiff's Complaint consists of legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations of Paragraph 10 of Plaintiff's Complaint.

**FACTS**

11.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies

same.

12.     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

13.     The United States denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     The United States admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     The United States admits that the USACE requested Colonna's to provide a bid for certain additional repairs. The United States denies that the starboard aft void space was under USACE control. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16.     The United States admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     The United States admits that entering the aft void space requires descending a ladder. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18.     The United States denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     The United States denies the allegations contained in Paragraph 19 of Plaintiff's Complaint, including each of its subparts (a) through (h).

17.     (Misnumbered in the original.) The United States lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in misnumbered Paragraph 17 of Plaintiff's complaint and therefore denies same.

18.    (Misnumbered in the original.) The United States denies the allegations of misnumbered Paragraph 18 of Plaintiff's Complaint.

19.    (Misnumbered in the original.) The United States denies the allegations of misnumbered Paragraph 19 of Plaintiff's Complaint.

20.    The United States denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21.    The United States denies the allegations of Paragraph 21 of Plaintiff's Complaint.

## COUNT I

### Section 905(b) Negligence – Active Control

22.    The United States repeats, reiterates and re-alleges each and every admission, denial and averment set forth in Paragraphs 1-21 inclusive, including the misnumbered paragraphs, as if set forth fully herein.

23.    Paragraph 23 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 23.

24.    The United States denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    The United States denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    The United States denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT II

### Section 905(b) Negligence – Turnover Duty

27.     The United States repeats, reiterates and re-alleges each and every admission, denial and averment set forth in Paragraphs 1-26 inclusive, including the misnumbered paragraphs, as if set forth fully herein.

28.     The allegations in Paragraph 28 of Plaintiff's Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph 28.

29.     The United States denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     The United States denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The United States denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The United States denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT III

### Section 905(b) Negligence – Duty to Intervene

33.     The United States repeats, reiterates and re-alleges each and every admission, denial and averment set forth in Paragraphs 1-32 inclusive, including the misnumbered paragraphs, as if set forth fully herein.

34.     The United States denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.    The United States denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.    The United States admits only that it understood that contractors would enter the starboard aft void space of *McFarland*.  The remaining allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.    The United States denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.    The United States denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

The allegations contained in the WHEREFORE paragraph state legal conclusions and demands to which no response is required. If an answer is required, the United States denies the allegations.

## **AFFIRMATIVE DEFENSES**

1.    The Court lacks subject matter jurisdiction as to the claims against Defendant United States based on application of the Discretionary Function Exception or otherwise.

2.    Plaintiff's Complaint fails to state a claim for which relief can be granted.

3.    The sole proximate and legal cause of this accident was the negligent conduct of the Plaintiff and/or persons other than agents, employees, or servants of Defendant United States, over whom the United States had no control and for whom the United States is not legally responsible.

4.    The negligent conduct of Plaintiff and/or others over whom Defendant United States had no control was the superseding and/or intervening cause of all damages or injuries allegedly sustained by the Plaintiff.

5.      The liability of Defendant United States, if any, to the Plaintiff must be reduced or barred because of the comparative negligence, contributory negligence, or other tortious conduct of parties, persons, or entities different from the United States.

6.      The liability of Defendant United States, if any, shall be apportioned and the United States is entitled to contribution and/or indemnification.

7.      Plaintiff failed to mitigate, minimize or avoid his damages.

WHEREFORE, Defendant United States prays that judgment be entered dismissing Plaintiff's action and granting the United States such other and further relief as this Court may deem just and proper.

Respectfully submitted,

YAAKOV ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIK SIEBERT
United States Attorney

By:       /s/Sean D. Jansen
          Sean D. Jansen, Assistant U.S. Attorney
          Virginia State Bar No. 82252
          Office of the United States Attorney
          101 West Main Street, Suite 8000
          Norfolk, Virginia 23510-1671
          Telephone: 757.441.6331
          Fax: 757.441.6689
          Email: sean.jansen@usdoj.gov

          Robb Hyde, PA Bar # 63974
          Orla M. Brady, NY Bar # 4639241
          Trial Attorneys
          Torts Branch, Civil Division
          U.S. Department of Justice
          Post Office Box 14271
          Washington, DC 20044-4271
          Telephone: 202.616.4025
          Fax: 202.616.4002

Email: robb.hyde@usdoj.gov
Email: orla.brady@usdoj.gov

*Attorneys for the United States of America*