IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JASON L. MEDLIN,

     Plaintiff,

v.                                Civil Action No.  2:25-cv-115

UNITED STATES OF AMERICA,

     Defendant.

## SCHEDULING AND PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter.

Having reviewed the Joint Proposed Discovery Plan, ECF No. 16, and with the entry of this Order, the Court concludes that the status conference scheduled for Monday, August 18, 2025, is no longer necessary, and thus cancels that status conference.

### Trial Date

1.     A five day bench Trial is scheduled to commence at **10:00 a.m.** on **Monday, May 4, 2026, at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, VA 23510.**

**Answer and Joinder**

2.    Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires.

**Motions Challenging Pleadings and Leave to Amend**

3.    If a party has filed or hereafter files a motion to dismiss a pleading pursuant to Rules 12(b)(l)-(3) or 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(h)(2)(B), a motion for a more definite statement pursuant to Rule 12(e), or a motion to strike pursuant to Rule 12(f), consistent with Rule 15(a)(l), the party/parties whose pleading is challenged by the motion shall have twenty-one (21) days from service of the motion or seven (7) days from the issuance of this Order, whichever is later, in which to file an amended pleading.

4.    If the nonmovant(s) files an amended pleading within the period prescribed in Paragraph 3, the Court shall as a matter of course deny the motion challenging the original pleading with leave to refile the motion based on the amended pleading. The party/parties whose pleading is challenged by the refiled motion shall not have leave to file a second or subsequent amended pleading without filing a separate motion for leave to amend, which shall be granted only upon satisfaction of Rule 16(b)(4) and Rule 15. See *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (requiring parties moving for leave to amend outside of the deadlines prescribed in a scheduling order to satisfy the good cause requirement of Rule 16(b)(4) and the requirements of Rule 15).

5.    If the nonmovant(s) does not file an amended pleading within the period prescribed in Paragraph 3, the Court will resolve the moving party's relevant motion based on the

original pleading, with leave to amend the original pleading granted only upon satisfaction of the requirements of Rule 16(b)(4) and Rule 15.

### Rule 26 Disclosures

6.  Not later than Monday, January 5, 2026, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

7.  Not later than Tuesday, February 3, 3036, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

8.  Not later than Wednesday, February 18, 2026, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 7 and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and (C) for each such expert witness.

9.  The parties are advised that they may rely upon the testimony of only one expert per discipline, except by order of the Court.

10. Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than

3

Thursday March 5, 2026. Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.

### Discovery

11.    All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than Monday, February 23. 2026, except by order of the Court.

12.    Counsel are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute. "Good faith" means that the parties have spoken, preferably in person, and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court prefers that the parties file a joint motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with a memorandum incorporated therein and any response with a memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover,

unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in Paragraph 11.

13.   Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

14.   No discovery materials shall be filed with the Clerk except by order of the Court.

15.   If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court. If a discovery dispute arises concerning a raised privilege or the adequacy of the privilege log, the objecting party shall provide a copy of the privilege log to the Court.

16.    If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

### Dispositive Motions

17.    All dispositive motions shall be filed not later than Thursday, March 5, 2026. This deadline shall not change, except by order of the Court. Counsel must submit two (2) courtesy copies of all motions and one (1) copy of all exhibits to Chambers if together the motions and exhibits exceed thirty (30) pages in length. Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

### Non-Dispositive Motions

18.    All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions, *see* ¶ 12, *supra*) shall be filed not later than Friday, April 3, 2026. The brief in opposition to such non-dispositive motions shall be filed Thursday, April 9, 2026. The reply brief in support of such non-dispositive motions, if any, shall be filed Tuesday, April 14, 2026. The parties are referred to the requirements of Local Rule 7(E), which are incorporated herein by reference.

### Oral Argument

19.    Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on written request by the parties. Any

request for oral argument should be included as a separate section in the memorandum, response or reply and should address why oral argument will materially aid in the decisional process.

20. The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

## Proposed Witnesses

21. Each plaintiff shall file a list of proposed witnesses not later than Wednesday, March 25, 2026, and each defendant shall designate its witnesses not later than Friday, April 3, 2026. Plaintiff(s) shall file a list of any rebuttal witnesses not later than six (6) calendar days after defendant designates its witnesses. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

## Discovery To Be Used as Evidence

22. Each plaintiff shall file a designation not later than Wednesday, March 25, 2026 specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise not later than Friday, April 3, 2026. Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission. Any objection to the introduction of any discovery material shall be filed not later than Thursday, April 9, 2026 or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

**Bench Trial**

23.    If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than Wednesday, April 22, 2026. The proposed findings of fact and conclusions of law shall be in numbered paragraphs. Conclusions of law shall cite authority. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in WORD format via e-mail to Chambers.

**Written Stipulations**

24.    Not later than Wednesday, March 25, 2026, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than Wednesday, April 22, 2026.

**Proposed Exhibits**

25.    Each plaintiff shall file a list of proposed exhibits not later than Wednesday, March 25, 2026 and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not later than Friday, April 3, 2026. The plaintiff shall file a list of any rebuttal exhibits not later than Thursday, April 9, 2026. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than Tuesday, April 14, 2026. Any exhibit to which no objection is made shall be admitted without further action. Any exhibit not listed and timely filed will not be admitted at trial unless used solely for impeachment or rebuttal purposes.

26.    All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the

courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least three (3) days before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations. Each party shall also ensure that one (1) electronic copy of that party's exhibits is submitted to the Clerk.

### Deadlines

27. Unless otherwise specified, any deadline established herein shall be governed by Rule 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

### Settlement

28. The parties shall notify the Court of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than eleven (11) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

29. Pursuant to Local Civil Rule 83.6, counsel for the parties are DIRECTED to contact Magistrate Judge Krask's courtroom deputy, Brittney Titus, at Brittney_Titus@vaed.uscourts.gov within ten (10) days of entry of this Order to schedule a settlement conference before a United States Magistrate Judge. The settlement conference shall be held at any time prior to Wednesday, February 18, 2026.

### Final Pretrial Conference

30.     A Final Pretrial Conference will be held on **Monday, April 27, 2026** at **10:00 a.m.,** at the Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, VA 23510. Not later than Wednesday, April 22, 2026, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall be broken down by the following sections: (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

31.     The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than Wednesday, April 22, 2026.

### Courtroom Technology

32.     All exhibits will be presented by available electronic means during trial. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box. The parties may also use personal laptop computers to aid in the presentation of evidence. The Court does not provide laptops. The Court

advises the parties to visit the following webpage for more information on the Court's technological capabilities: https://www.vaed.uscourts.gov/evidence-presentation-system.

33.    Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

34.    Any party wishing to bring personal electronic devices, such as laptops, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding. While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

### Attorneys' Fees

35.    Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

### Communications with Chambers

36.    *Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and other clerical matters. All other requests and communications should be made via filings on the public docket.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

_____
/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: August 15, 2025